IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TRACY GARDNER, et al.            :

   v.                          :   Civil Action No. DKC 13-1768

GREG'S MARINE CONSTRUCTION,      :
INC., et al.                     :

                                 :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this negligence and wrongful death case is an unopposed motion for certification of this court's January 14, 2014 order as a final judgment pursuant to Fed.R.Civ.P. 54(b) filed by Defendants Dominion Cove Point LNG, LP ("Dominion LP"), Dominion Resources, Inc. ("Dominion Inc."), Dominion Cove Point LNG Company, LLC ("Dominion LLC"), and Weeks Marine, Inc. ("Weeks Marine"). (ECF No. 32). Plaintiffs have neither supported nor opposed the motion. The court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion filed by these Defendants will be denied.

**I. Background**

The background of this case is set forth in the January 14, 2014 Memorandum Opinion, (ECF No. 30), and need not be explained in great detail here. Mark Copeland died on October 23, 2010

while performing repair work at the Cove Point Terminal on Chesapeake Bay in Maryland. During the relevant time, Greg's Marine Construction employed Mark Copeland as a laborer. (ECF No. 1 ¶ 13). On June 18, 2013, Tracy Gardner ("Gardner") brought this action as administrator and personal representative of Mark Copeland ("Mr. Copeland" or "the decedent"), asserting a violation of the Jones Act, 46 U.S.C. § 30104, against Greg's Marine Construction, Inc. ("Greg's Marine Construction") and Greg's Marine Excavation (count I); violation of the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 903, against Greg's Marine Construction and Greg's Marine Excavation (count II); negligence against Weeks Marine (count III); negligence against Dominion LP, Dominion LLC, and Dominion Inc. (count IV); and a survival action against all defendants (count VI).[1] Robert Wayne Copeland, the decedent's father, brought a wrongful death claim against all Defendants (count V). Dominion LP, Dominion LLC, Dominion Inc., Weeks Marine, and Greg's Marine Excavation moved to dismiss or, in the alternative, for summary judgment. On January 14, 2014, by memorandum opinion and order, the undersigned dismissed Plaintiffs' claims against these five Defendants. (ECF Nos. 29 & 30). On February 14, 2014, Dominion LP, Dominion LLP, Dominion Inc., and Weeks Marine jointly moved

---

[1] As noted in the January 14, 2014 memorandum opinion, the "survival action" in count VI is not a separate cause of action and duplicates the claims in counts I through IV.

2

for certification of the January 14, 2014 order as a final judgment pursuant to Fed.R.Civ.P. 54(b).  (ECF No. 32). Plaintiffs did not oppose the motion.

**II. Analysis**

Rule 54(b) states:

> When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Because of the importance of preventing piecemeal appeals of a case, a "Rule 54(b) certification is recognized as the exception rather than the norm." *Braswell Shipyards, Inc. v. Beazer East, Inc.*, 2 F.3d 1331, 1335 (4th Cir. 1993) (citation omitted). Furthermore, "it is settled that certification of a judgment as to a claim or party in a multi-claim or multi-party suit is disfavored in the [United States Court of Appeals for the] Fourth Circuit."  *Bell Microproducts, Inc. v. GlobalInsync, Inc.*, 20 F.Supp.2d 938, 942 (E.D.Va. 1998).

To make a proper Rule 54(b) certification, a district court must undertake a two-step analysis:

> First, the district court must determine whether the judgment is 'final' . . . in the sense that it is an ultimate disposition of an individual claim entered in the course of a multiple claims action[,] [and]

> Second, the district court must determine whether there is no just reason for the delay in the entry of judgment.

*MCI Constructors, LLC v. City of Greensboro*, 610 F.3d 849, 855 (4th Cir. 2010) (*quoting Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980)). To qualify as a "final judgment," "[i]t must be a 'judgment' in the sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is 'an ultimately disposition of an individual claim entered in the course of a multiple claims action.'" *Curtiss-Wright Corp.*, 466 U.S. at 7 (*quoting Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956)). The Fourth Circuit has explained that, in making the case-specific determination in the second prong, the district court should consider the following factors if applicable:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in a set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

*MCI Constructors*, 610 F.3d at 855 (*quoting Braswell Shipyards*, 2 F.3d at 1335-36). "The burden is on the party endeavoring to

4

obtain Rule 54(b) certification to demonstrate that the case warrants certification." *Braswell Shipyards*, 2 F.3d at 1335.

Here, the dismissal of the complaint against Dominion LP, Dominion LLC, Dominion Inc., and Weeks Marine constitutes a final judgment. Thus, the remaining question is whether "there is no just reason for delay." Fed.R.Civ.P. 54(b). In making such a determination, the court "must take into account judicial administrative interests as well as the equities involved." *Curtiss-Wright*, 446 U.S. at 8. Defendants believe that "there would be judicial economy to be gained by granting the Rule 54(b) certification request so that Plaintiffs can appeal now against these defendants, if they so choose." (*Id.* at 6). Specifically, they argue that "[t]his case is at a very early stage, with no discovery having been taken by any party, and so now is the time to test the district court's decision, if Plaintiffs choose to pursue that route." (*Id.*). Defendants believe that:

> if all appeals are brought at the end of the case when only Greg's Marine Construction has had the benefit of discovery against Plaintiffs, there would be a risk of a duplicative round of discovery and possibly inconsistent evidence should the lower court's judgment against the Dominion Defendants and Weeks Marine be overturned.

Defendants also posit that because Mr. Copeland's death occurred in 2010, "[m]emories of the event are already fading, and some

5

key employees of the Dominion Defendants and Weeks Marine who might have relevant knowledge of the terms of the applicable contracts between the parties have left their employment with these defendants." (*Id.* at 7).

In granting summary judgment on Gardner's negligence claims against Dominion LP, Dominion LLC, Dominion Inc., and Weeks Marine, the undersigned held that these Defendants did not owe a duty of care to Mark Copeland, an employee of Greg's Marine Construction, and therefore Gardner's negligence claims could not survive. Because any wrongful death claim would be premised on the alleged negligence of these Defendants, the wrongful death claim was also dismissed. But the Fourth Circuit has explained that "[t]he chief purpose of a Rule 54(b) certification is to prevent piecemeal appeals when multiple claims are resolved in the course of a single lawsuit." *Braswell*, 2 F.3d at 1335. At the same time, Rule 54(b) "allows the district court to provide relief to litigants that would suffer undue hardship if final judgment is not entered on the adjudicated claim prior to the resolution of the unadjudicated claims." *Id.* Taking into account both of these considerations and the factors discussed *supra*, the undersigned declines to grant the request for entry of final judgment at this time. Defendants have not demonstrated that they would suffer undue hardship if final judgment is not entered until all of the

claims in this case are resolved. Defendants represent that some of the key employees of Dominion Defendants and Weeks Marine have *already* left, which undermines their position that waiting until all of the claims are adjudicated would leave them in a worse position. Furthermore, the scheduling order set June 30, 2014 as the deadline for filing dispositive pretrial motions. (ECF No. 31). Although Defendants assert the risk of duplicative discovery if the Fourth Circuit reverses the January 14, 2014 decision on appeal, discovery has already commenced, and a Rule 54(b) certification "should be neither granted routinely,[], *nor as an accommodation to counsel.*" *Braswell Shipyards, Inc.*, 2 F.3d at 1335 (emphasis added). Defendants also have not explained how a consolidated appeal at the end of the case would result in "possible inconsistent evidence." (ECF No. 32, at 6). Moreover, a Rule 54(b) certification may result in the Fourth Circuit being asked to consider the same contracts between the dismissed Defendants and Greg's Marine Construction more than once. There is no indication that an earlier appeal of the January 14, 2014 order could effectively eliminate further proceedings in this case against Greg's Marine Construction. *Cf. Fox v. Baltimore City Police Dept.*, 201 F.3d 526, 532 (4th Cir. 2000) (holding that district court did not abuse its discretion in certifying its judgment as final where resolution on appeal "will streamline the resolution of" the

remaining claims).  Finally, judicial economy would be best served by allowing Plaintiffs to appeal the claims against the individuals Defendants at the same time.  Accordingly, Defendants' motion will be denied.

## III. Conclusion

For the foregoing reasons, Defendants' motion to certify the court's January 14, 2014 order as a final judgment pursuant to Rule 54(b) will be denied.  A separate order will follow.

       /s/       
DEBORAH K. CHASANOW
United States District Judge
